IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| S.M.N., a minor, by and through her mother and next friend, LARISSA MARTINS,<br><br>      Plaintiff,<br><br>vs.<br><br>HAGELAND AVIATION SERVICES, INC.,<br><br>      Defendant. | Case No. 4:08-cv-0017-RRB<br><br>**ORDER REMANDING CASE**<br>**TO STATE COURT** |

**I.   INTRODUCTION**

Before the Court is Plaintiff S.M.N. ("Plaintiff") with a Motion to Remand at Docket 9. Plaintiff argues that this case was improperly removed to federal court because the Court lacks subject matter jurisdiction. Specifically, Plaintiff argues that although the resolution of this case requires the application of federal aviation regulations, that fact alone is not sufficient for federal "arising under" jurisdiction pursuant to 28 U.S.C. §§1331, 1441(b).

Defendant opposes at Docket 18 and argues that the applicability of the Federal Aviation Act ("FAA") standards to Defendant's conduct is sufficient for a finding of "arising under" jurisdiction. Specifically, Defendant argues that the FAA completely preempts state court jurisdiction over causes of action related to aviation safety. Alternatively, Defendant argues that this case presents a "federal question" which justifies removal to federal court.

**II. BACKGROUND**

Plaintiff, a minor, alleges that she was injured on September 21, 2006, in Bethel, Alaska, after she had boarded a Cessna airplane owned by Defendant.[1] Plaintiff and her mother were scheduled to fly on Defendant's airplane from Bethel to Chevak.[2] Plaintiff alleges that she fell from the airplane onto the tarmac at the Bethel Airport when the door of the airplane opened while the airplane was parked and stationary on the tarmac.[3] Plaintiff claims serious and permanent physical injuries as a result of her fall.[4]

---

[1] Docket 10 at 4.

[2] Id.

[3] Id.

[4] Id.

ORDER REMANDING CASE
 TO STATE COURT - 2
4:08-CV-0017-RRB

On April 28, 2008, Plaintiff filed suit against Defendant in the Superior Court for the State of Alaska in Bethel. Her complaint alleged claims under state common law for the following: (1) negligence under respondeat superior; (2) negligence under res ipsa loquitur; (3) negligent hiring, training, and supervising; and (4) punitive damages.[5] On May 23, 2008, Defendant filed a Notice of Removal of the action to this Court.[6] Plaintiff then filed a Motion to Remand to state court on June 23, 2008.[7]

Inasmuch as the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, the Court has determined that oral argument is neither necessary nor warranted.

### III. STANDARD OF REVIEW

A lawsuit may be removed to federal court under 28 U.S.C. § 1441 so long as the suit could have been brought in federal court originally.[8] Where federal jurisdiction is based on 28 U.S.C. § 1331, the party seeking removal bears the burden of establishing

---

[5] Id.

[6] Docket 1.

[7] Docket 9.

[8] Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir.), cert. denied, 484 U.S. 450, 108 S. Ct. 150 (1987).

that the case "arises under the Constitution, laws or treaties of the United States."[9] Section 1441 is strictly construed against removal jurisdiction[10] and, if it appears at any time before final judgment that the court lacks jurisdiction, the case must be remanded.[11]

A defendant removing a case to federal court has the burden of establishing that the removal is proper.[12] A suit may be removed if removal jurisdiction pursuant to 28 U.S.C. § 1441 exists and the procedures for removal at 28 U.S.C. § 1446 are followed. Nevertheless, courts must strictly construe the removal statutes against removal and must reject removal jurisdiction if there is any doubt as to whether the removal is proper.[13]

**IV. DISCUSSION**

Defendant argues for federal jurisdiction and removal on two alternate bases. First, Defendant argues that the FAA completely preempts all state court jurisdiction over claims that concern aviation safety. In the alternative, Defendant argues that,

---

[9] Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

[10] Id.

[11] 28 U.S.C. § 1447(c).

[12] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[13] Id.

even if the federal courts do not have jurisdiction over all aviation safety cases, there is federal court jurisdiction in this case because it raises a "federal question." The Court will examine each argument in turn.

### A. The FAA Does Not Preempt All State Court Actions Concerning Aviation Safety

The principal authority that Defendant cites to establish removal jurisdiction in this case is Montalvo v. Spirit Airlines 508 F.3d 464 (9th Cir. 2007). In Montalvo, the Ninth Circuit held that the Federal Aviation Act("FAA") "preempts the entire field of aviation safety through implied field preemption."[14] Specifically, the Court held that the "FAA and regulations promulgated pursuant to it establish complete and thorough safety standards for air travel, which are not subject to supplementation by, or variation among, state laws."[15]

Defendant asserts that, according to the Ninth Circuit's decision in Montalvo, federal courts have jurisdiction over all cases relating to aviation safety. Defendant notes that this Court so held in Alexie v. Hageland Aviation, 4:07-cv-00031-RRB at Docket 12.

---

[14] Montalvo v. Spirit Airlines 508 F.3d 464, 468 (9th Cir. 2007)

[15] Id.

Upon closer examination of the relevant case law, the Court concludes that its holding in <u>Alexie</u> was incorrect, and that the FAA does not require the removal of all cases concerning aviation safety to federal court.

The U.S. Supreme Court held in <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1 (2003) that "a state claim may be removed to federal court in only two circumstances-when Congress expressly so provides, [...] or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."[16] The Court further held that "where this Court has found complete pre-emption-certain causes of action under the LMRA and ERISA-the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."[17]

Congress has never expressly provided for removal of aviation safety claims to federal court. Furthermore, the FAA does not provide its own "exclusive cause of action."[18] The Ninth Circuit has specifically held that "the Federal Aviation Act does not

---

[16] <u>Beneficial</u> at 8.

[17] <u>Id.</u>

[18] <u>Id.</u>

contain an implied private right of action."[19] Therefore, following the Supreme Court's holding in Beneficial, it cannot be that the FAA requires removal of all aviation safety claims.

Montalvo does not stand for the proposition that the FAA completely preempts all state court jurisdiction over aviation safety claims. The question that the Ninth Circuit dealt with in Montalvo, a diversity case, was whether state law could impose additional safety restrictions on air carriers.[20] The Ninth Circuit dismissed the state law claims because they conflicted with FAA regulations.[21]

The fact that the FAA regulations are "not subject to supplementation by, or variation among, state laws"[22] does not mean that state courts are precluded from hearing claims that involve some interpretation of federal statutes. In holding that federal law preempts the field of aviation safety, the Montalvo Court adopted the reasoning of the Third Circuit in Abdullah v. American Airlines, Inc., 181 F.3d 363 (3rd Cir. 1999). The Abdullah court held that "the standard applied in determining if there has been

---

[19] In re Mexico City Aircrash of October 31, 1979, 708 F.2d. 400, 408 (9th Cir. 1983).

[20] Montalvo at 468.

[21] Id.

[22] Id.

careless or reckless operation of an aircraft, should be federal; state or territorial regulation is preempted."[23] Yet the Abdullah court also stated:

> Even though we have found federal preemption of the standards of aviation safety, we still conclude that the traditional state and territorial law remedies continue to exist for violation of those standards. Federal preemption of the standards of care can coexist with state and territorial tort remedies.

Abdullah at 375.

The U.S. Supreme Court likewise held in Silkwood v. Kerr-McGee Corp., 464 U.S. 238 (1984), that federal preemption of nuclear safety regulations did not preclude state tort remedies. The Court held that while "safety regulation is the exclusive concern of the federal law [...] a state may nevertheless award damages based on its own law of liability."[24]

This Court holds that, absent any provision in the FAA for an "exclusive cause of action"[25] for private litigants, there is no basis for federal preemption of all state law claims based on aviation safety violations.

---

[23] Montalvo at 473, quoting Abdullah at 372.

[24] Silkwood at 256.

[25] Beneficial at 8.

**B. The Court Does Not Have "Federal Question" Jurisdiction Over Plaintiff's Claims.**

Defendant's second proposed basis for federal jurisdiction is that "[P]laintiff's right to relief in this case necessarily depends on resolution of substantial questions of federal law."[26] Defendant cites the U.S. Supreme Court's holding in Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005), in which the Court held that removal of state law claims under 28 U.S.C. § 1331 is proper if 1) the case "turn[s] on substantial questions of federal law" and 2) "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[27] The U.S. Supreme Court has characterized the category of cases involving state law claims that may be removed to federal court under the standard outlined in Grable as a "slim category."[28]

As to the first prong of the Grable analysis, it is unlikely that this case raises a "substantial question[] of federal law." In Grable, unlike the present case, the only disputed issue

---

[26] Docket 18 at 4.

[27] Grable at 312-13.

[28] Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 681(2006).

was one of federal law, concerning the proper construction of the federal tax code. The <u>Grable</u> Court cautioned that "the federal issue in a state-law claim must actually be in dispute to justify federal-question jurisdiction."[29]

The posture of this case is much more similar to that in <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804 (1986), in which the U.S. Supreme Court held that "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[30] In <u>Merrell Dow</u>, as in this case, the plaintiff's state law claims required proof of a violation of federal regulations.[31] In this case, as in <u>Merrell Dow</u>, Congress has provided no federal private remedy for violation of the regulations in question.[32] The <u>Merrell Dow</u> Court noted,

> Given the significance of the assumed congressional determination to preclude federal private remedies [in the FDA], the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.[33]

---

[29] <u>Grable</u> at 315, n. 3.

[30] <u>Merrell Dow</u> at 813.

[31] <u>Merrell Dow</u> at 806.

[32] <u>Merrell Dow</u> at 814; <u>In re Mexico City Aircrash</u> at 408.

[33] <u>Id.</u>

ORDER REMANDING CASE
 TO STATE COURT - 10
4:08-CV-0017-RRB

Defendant's arguments that this case provides a "substantial question of federal law" amount to an assertion that only a federal court is qualified to interpret the relevant FAA regulations, and that a state court might apply them incorrectly. However the Supreme court addressed this concern in Merrell Dow when it said,

> Petitioner's concern about the uniformity of interpretation [...] is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action.[34]

The validity of the FAA is not in question in the present case. The Court sees no reason why the state court's task in applying the FAA regulations to the facts of this case will be any more complicated than was the state court's task in applying the FDA regulations in Merrell Dow. Therefore, there are no "substantial questions of federal law"[35] which would justify subject matter jurisdiction in this case.

Even if the federal issue in this case were a "substantial question[] of federal law", it would still fail the second requirement set forth by the Supreme Court in Grable, namely

---

[34] Merrell Dow at 815.

[35] Grable at 312-13.

that federal jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[36] The relevant statutes indicate that Congress has never intended that all cases concerning aviation safety be brought into the federal courts.

First, it is established that the FAA provides for no private civil remedies, either express or implied.[37] This fact alone is highly probative of Congress' intent that there be no federal jurisdiction in most aviation safety cases. The passage of the Multiparty, Multiforum Trial Jurisdiction Act of 2002, codified at 28 U.S.C. § 1369, is further evidence of such congressional intent. In § 1369, Congress instituted federal jurisdiction for cases arising from accidents that had caused 75 or more deaths, provided that they meet certain requirements of "minimal diversity".[38] That Congress had aviation accidents in mind when it drafted the statute is clear from the legislative history.[39] If Congress had intended that all aviation safety cases be heard in federal court, it would

---

[36] Id.

[37] In re Mexico City Aircrash at 408.

[38] 28 U.S.C. § 1391.

[39] Kristine C. Karnezis, Annotation, Construction and Application of Multiparty, Multiforum, Trial Jurisdiction Act of 2002 (MMTJA), 28 U.S.C.A. § 1369, 2006 A.L.R. Fed. 2d 21, §§ 2, 5.

not have restricted federal jurisdiction to those airline accidents resulting in 75 or more deaths.

As the Seventh Circuit noted in <u>Bennett v. Southwest Airlines Co.</u>, 484 F.3d 907 (7th Cir. 2007), the "75 fatalities" restriction of § 1369 "would be rendered meaningless if, as defendants maintain, every aviation case is federal. Section 1369 makes sense only if transportation disasters are litigated in state court unless they satisfy the new statute's terms."[40] This Court agrees with the <u>Bennett</u> court's reasoning. Because federal jurisdiction in the present case would not be "consistent with congressional judgment about the sound division of labor between state and federal courts", the Court holds that there is no "federal question" jurisdiction over Plaintiff's state law claims.

**V. CONCLUSION**

Because Defendant has failed to carry its burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims, Plaintiff's Motion for Remand is **GRANTED.** Because the Court finds that Defendant had an "objectively

---

[40] <u>Bennett</u> at 911.

ORDER REMANDING CASE
 TO STATE COURT - 13
4:08-CV-0017-RRB

reasonable basis for seeking removal"[41] given the Court's earlier ruling, Plaintiff's request for attorney's fees is **DENIED**.

**IT IS SO ORDERED**

ENTERED this 5th day of September, 2008.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE

---

[41] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

ORDER REMANDING CASE
 TO STATE COURT - 14
4:08-CV-0017-RRB

Case 4:08-cv-00017-RRB   Document 24   Filed 09/05/08   Page 14 of 14